IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHEAL ANTHONY HILL<br>(TDCJ No. 1302155),<br><br>　　　　Petitioner,<br><br>V.<br><br>WILLIAM STEPHENS, Director<br>Texas Department of Criminal Justice<br>Correctional Institutions Division,<br><br>　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:15-cv-1219-G-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b). The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation concerning Petitioner Micheal Anthony Hill's motion for leave to proceed *in forma pauperis* [Dkt. No. 5].

**Background**

Petitioner declares that the 28 U.S.C. § 2254 application, raising challenges to decisions by the Texas Parole Board, now before the Court [Dkt. No. 3] was placed into the prison mailing system on April 10, 2015, *see id.* at 9. Accompanying this application is a motion for leave to proceed *in forma pauperis*, *see* Dkt. No. 5, in which Petitioner declares that he receives $100 per month from his mother, *see id.* at 1, and to which is attached an inmate trust account certification reflecting: (1) that his account balance on April 10, 2015 was $99.76; (2) that his six-month average balance was $39.65; and

(3) that his six-month average deposit was $83.33, *see id.* at 3.

## Legal Standards and Analysis

28 U.S.C. § 1915(a) sets forth the standards governing *in forma pauperis* motions. The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit ... that [he or she] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant in order to determine whether the payment of fees would "cause [an] undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

The amount of money available to inmates in their prison trust account or from other sources should be considered. *See id.*; *Simon v. Quarterman*, No. 3:07-CV-1793-D, 2007 WL 4167943, at *1 (N.D. Tex. Nov. 20, 2007).

The filing fee for a habeas case is $5.00. *See* 28 U.S.C. § 1914(a). Although Petitioner is incarcerated, the financial picture that he paints – set out above – reflects that he can afford to pay the filing fee without incurring undue financial hardship. *Cf.* N.D. TEX. MISC. ORDER NO. 6, Rule 2a(4)(a)(ii) (May 5, 2005) (this Court routinely grants leave to proceed *in forma pauperis* if "the average six month balance of [an] inmate['s] trust account and other financial resources are less than Fifty Dollars").

## Recommendation

Petitioner's application to proceed *in forma pauperis* [Dkt. No. 5] should be denied. If he fails to pay the $5.00 statutory filing fee within 21 days after any order adopting this recommendation, his case should be dismissed without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 23, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE