IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY HILL (TDCJ No. 1302155), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:15-cv-1219-G-BN |
| WILLIAM STEPHENS, Director Texas Department of Criminal Justice Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The undersigned issues the following findings of fact, conclusions of law, and recommendation that Petitioner Michael Anthony Hill's 28 U.S.C. § 2254 habeas application [Dkt. No. 3] should be dismissed without prejudice for failure to prosecute and obey orders of this Court pursuant to Federal Rule of Civil Procedure 41(b).

**Background**

Petitioner has declared that he placed the 28 U.S.C. § 2254 application now before the Court, raising challenges to decisions by the Texas Parole Board, into the prison mailing system on April 10, 2015. *See* Dkt. No. 3 at 9. Accompanying his application was a motion for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 5, in which Petitioner declared that he receives $100 per month from his mother, *see*

*id.* at 1, and to which was attached an inmate trust account certification reflecting that, as of April 10, 2015: (1) his account balance was $99.76; (2) his six-month average balance was $39.65; and (3) his six-month average deposit was $83.33, *see id.* at 3. Based on this verified financial information, the undersigned recommended on April 23, 2015 that the Court should deny the IFP motion and should order Petitioner to pay the $5.00 statutory filing fee within 21 days after entry of any order adopting the recommendation. *See* Dkt. No. 6. Senior United States District Judge A. Joe Fish adopted the recommendation on May 15, 2015 and ordered Petitioner to pay the statutory filing fee within 21 days (or no later than June 5, 2015).

Although Petitioner informed the Court, in a letter he dated April 24, 2015, that he had instructed his institution to withdraw the $5.00 filing fee and forward payment to the Court, *see* Dkt. No. 7, the Court has yet to receive payment as of the date of this recommendation – more than one month after the deadline to pay the filing fee established by Judge Fish's order.

### Legal Standards and Analysis

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action *sua sponte*, "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Brown v. United States*, Nos. A-11-CA-155 LY, (A-04-CR-268 LY), 2011 WL 1899790, at *1 (W.D. Tex. May 19,

2011) ("It is ... well established that '[a] district court *sua sponte* may dismiss an action [collaterally attacking a criminal conviction] for failure to prosecute or to comply with any court order.'" (quoting *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998))). Rule 41(b), like all rules in the Federal Rules of Civil Procedure, generally applies to Section 2254 proceedings. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, Rule 12; *cf. Glazier v. Cockrell*, 73 F. App'x 80, 2003 WL 21756771, at *1 (5th Cir. June 24, 2003) (per curiam) ("The district court did not abuse its discretion in dismissing the case without prejudice because Glazier failed to comply with the court's order to file a habeas corpus petition or suffer dismissal of the case for want of prosecution pursuant to Fed. R. Civ. P. 41(b)." (citing *McNeal v. Papasan*, 842 F.2d 787, 789-90 (5th Cir. 1988))).

By not paying the statutory filing fee as ordered by the Court, Petitioner has prevented this action from proceeding and therefore has failed to prosecute his lawsuit and obey the Court's order. A Rule 41(b) dismissal of Petitioner's lawsuit without prejudice is warranted under these circumstances, and the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Petitioner decides to comply with the Court's order. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

**Recommendation**

Petitioner's action should be dismissed *sua sponte* without prejudice pursuant to Federal Rule of Civil Procedure 41(b). If, however, within 14 days of the date of this

recommendation, Petitioner complies with the Court's previous order by paying the statutory filing fee of $5.00, the Court should refer the case back to the undersigned United States magistrate judge for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 8, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE